# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY D. HILL,** : | **CIVIL ACTION NO. 4:05-CV-1336** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **RICHARD NASSBERG, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM

For the second time, Jeffrey D. Hill has commenced an action in this court challenging property reassessments conducted by officials and agents of the Board of Commissioners of Lycoming County, Pennsylvania, that purportedly resulted in a disproportionate tax burden on low-income residents. The previous action was dismissed for lack of jurisdiction because neither the complaint nor the amended complaint, filed after the court identified the deficiencies in the original pleading, suggested that Mr. Hill owned taxable property or otherwise suffered an "injury-in-fact" from the reassessments.[1] The latest complaint substantially mirrors his prior submissions but includes the assertion that "[m]y rent has increased as a direct result of the . . . property reassessment[—]my rent helps to pay the property

---

[1] See Hill v. Nassberg, No. 4:04-CV-2444, slip op. at 2 (M.D. Pa. Dec. 1, 2004), aff'd, 130 Fed. Appx. 615 (3d Cir. May 12, 2005) (per curiam).

taxes[—]so I have less money for other necessities." Unfortunately for Mr. Hill, this allegation does not render his claims justiciable in this forum.[2]

Federal courts may constitutionally exercise jurisdiction only over claims predicated on an injury redressable by favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-63 (1992) (citing Sierra Club v. Morton, 405 U.S. 727, 734 (1972)). Implicit in this standard is the requirement that a causal link exist between the injury asserted and the relief requested, such that a favorable judgment will address or relieve the injury. See id.; see also Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 42-44 (1976). This link is not present in this case, despite Mr. Hill's status as a lessee of property subject to reassessment. A judicial declaration that the reassessments are invalid, or an order enjoining collection of taxes based on those assessments, would not of itself cause Mr. Hill's rent to be lowered. A landlord has broad discretion, unbounded by property tax rates, to raise or lower rental prices as he or she sees fit. There is no reason to suspect that Mr. Hill's lessor would be inclined to lower the rental rate of the property occupied by Mr. Hill, even if the latter secured the relief requested in the complaint. See id. Mr. Hill has not alleged a redressable injury; as such, he lacks standing to proceed.

Moreover, notwithstanding these concerns over justiciability, it is clear that Mr. Hill's claims lack merit. He seeks declaratory and injunctive relief against prospective collections of property taxes. Such relief is patently barred by the

---

[2] The court will grant plaintiff's motion to proceed *in forma pauperis* and exercise the screening mechanism of 28 U.S.C. § 1915(e)(2).

Federal Tax Injunction Act, 28 U.S.C. § 1341.³ The remainder of the complaint includes a variety of vague accusations against the officials of Lycoming County, who are described in a rambling narrative as generally "rude" and "corrupt." These allegations do not state a claim for a violation of Mr. Hill's rights under the Constitution or federal law, see, e.g., Eichenlaub v. Township of Indiana, 385 F.3d 274, 285-87 (3d Cir. 2004), or otherwise demonstrate that he has suffered a compensable injury. His claims must be dismissed.

One other point bears note. The complaint in the above-captioned case was filed shortly after the United States Court of Appeals for the Third Circuit had affirmed this court's dismissal of Mr. Hill's previous action. See Hill v. Nassberg, 130 Fed. Appx. 615 (3d Cir. May 12, 2005) (per curiam). Mr. Hill had the opportunity in that action to amend his complaint and to present additional allegations bolstering his claims. He declined to do so, but instead commenced another, independent action—proceeding once again *in forma pauperis*—based on the same

---

³ See 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax where a plain, speedy and efficient remedy may be had in the court of such State."); Behe v. Chester County Bd. of Assessment Appeals, 952 F.2d 66, 68-71 (3d Cir. 1991) (finding that Pennsylvania offers adequate remedy to challenge property assessments and that related federal claims are barred); Sunderland Props., Inc. v. County of Berks, 750 F. Supp. 704, 710 (E.D. Pa. 1990) (same); see also In re Bd. of Prop. Assessment, 797 A.2d 414, 416-18 (Pa. Commw. Ct. 2002) (noting that lessees may challenge property assessments); cf. Rochester & Pittsburgh Coal Co. v. Bd. of Assessment & Revision of Taxes, 266 A.2d 78, 79 (Pa. 1970) (stating that parties may raise federal constitutional challenges to tax assessment in Pennsylvania state courts); Consol. Gas Supply Corp. v. Clinton County, 470 A.2d 1113, 1114 (Pa. Commw. Ct. 1984) (same).

allegations.  This behavior may appropriately be described as frivolous and vexatious.  See, e.g., Deutsch v. United States, 67 F.3d 1080, 1083-91 (3d Cir. 1995).  The court will dismiss the complaint *sub judice* without granting leave to amend.  See 28 U.S.C. § 1915(e)(2); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

     An appropriate order will issue.

                                                                       S/ Christopher C. Conner  
                                                                       CHRISTOPHER C. CONNER  
                                                                       United States District Judge

Dated:       August 1, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY D. HILL,** :  | **CIVIL ACTION NO. 4:05-CV-1336** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **RICHARD NASSBERG, et al.,** : | |
| **Defendants** : | |

## **ORDER**

AND NOW, this 1st day of August, 2005, upon consideration of plaintiff's complaint (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 3), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for leave to proceed in forma pauperis (Doc. 3) is GRANTED.  See 28 U.S.C. § 1915(a).

2. The complaint (Doc. 1) is DISMISSED for failure to state a claim and as frivolous.  See 28 U.S.C. § 1915(e)(2).

3. Leave to amend is DENIED as futile and frivolous.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. The Clerk of Court is directed to CLOSE the above-captioned case.

5. Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).


    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge